AE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WACHOVIA SECURITIES, LLC, | ) | |
| | ) | Case No. 05 C 7213 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Mark Filip |
| | ) | |
| NOLA, LLC, | ) | Magistrate Judge Arlander Keys |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

On February 16, 2006, Wachovia secured a judgment against Nola in an amount just over $1.3 million. Wachovia served a Citation to Discover Assets shortly thereafter, but the parties agreed to pursue settlement negotiations before proceeding on the citation. Those negotiations ultimately proved fruitless, and Wachovia renewed its efforts to discover assets.

To that end, it asked Nola to identify a corporate representative to provide discovery on the Citation, and, on January 30, 2007, Nola identified James Nichols, who resides in the United Kingdom. Nola offered to produce Mr. Nichols either in person in the United Kingdom, or by telephone. Wachovia rejected both of these scenarios and, instead, sought to compel Nola to produce its 30(b)(6) designee in Chicago. Wachovia filed a motion for a Rule to Show Cause as to why Nola should not be held in contempt for failing to comply with the Citation by producing Mr. Nichols here in Chicago.

The parties appeared before Judge Filip, the district judge to whom the case is assigned, and they argued about whether Mr. Nichols was an appropriate corporate designee, and, if so, whether he could be compelled to come to Chicago to sit for a deposition on the Citation. Judge Filip directed the parties to brief the relevant issues and referred the case to this Court for resolution of those issues. This Court held a hearing on Wachovia's motion on February 26, 2007, and it now resolves the matters presented.

Initially, the Court notes that the deposition of a corporation through its officers or agents should ordinarily be taken at the corporation's principal place of business. *See Custom Form Manufacturing, Inc. V. Omron Corporation*, 196 F.R.D. 333, 336 (N.D. Ind. 2000)(citing *Thomas v. International Business Machines*, 48 F.3d 478, 483 (10th Cir. 1995); *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979); *Generale Bank Nederland N.V. v. First Sterling Bank*, 1997 WL 778861, *2 (E.D. Pa. 1997)). *See also* 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure: Civil* § 2112 (2d ed. 2006). Here, that would be Chicago: in 1994, Nola filed articles of organization to operate as a Limited Liability Company in Illinois, listing as its principal place of business a Chicago address (401 S. LaSalle Street, Chicago, Illinois 60605) and naming a registered agent and registered office in Chicago; the

Secretary of State issued a certificate of organization consistent with those articles and, to the best of the Court's knowledge, that certificate has never been withdrawn. *See* Wachovia's Reply Brief in Support of its Motion for Rule to Show Cause, Exhibit D.

But the Court has "substantial discretion to specify the time and place of any deposition," and may determine, in the interests of justice, that a place other than the corporation's principal place of business is appropriate. *See Custom Form Manufacturing*, 196 F.R.D. at 336; 8A Wright, Miller & Marcus, *Federal Practice and Procedure* § 2112. The interests of justice do not counsel against Chicago here.

Nola filed for bankruptcy protection in this district; according to the judge who presided over that matter, Nola itself "conducts no business, has no employees, and never has had any employees, has no income, and has no assets" other than some worthless stock; Nola is "managed" however by Teletec, Incorporated, an Illinois corporation. *See* Transcript of Proceedings Before the Honorable A. Benjamin Goldgar, August 24, 2005, p. 6. Thus, not only is Chicago Nola's principal place of business, but it is also the site of the forum chosen by Nola when it felt the need to seek the protections of the bankruptcy court. Additionally, Nola is represented in these proceedings exclusively by Chicago counsel.

Given that Nola is an Illinois limited liability corporation, with its principal place of business, its registered agent and its attorneys in Chicago, the Court finds that Chicago is the appropriate place for the deposition of Nola's 30(b)(6) witness. That conclusion is bolstered by the fact that bringing Mr. Nichols to Chicago, where all of the attorneys are located, will be significantly less expensive than requiring all of the attorneys to travel to the United Kingdom. Additionally, conducting the deposition in Chicago will preserve the Court's authority to intervene in the deposition, should the need arise (and, given the parties' interactions to date, it is likely that disputes requiring court intervention will arise).

To be sure, "[i]t is the sole right of the corporation to designate a representative for a deposition, not the [right of the] party issuing the subpoena." *Joiner v. Choicepoint Services, Inc.*, No. 1:05CV321, 2006 WL 2669370, at *4 (W.D. N.C. Sept. 15, 2006). And this opinion is not intended to suggest otherwise. But, if the corporation designates a particular person, it cannot then turn around and argue that the court is without jurisdiction to compel that designated individual to appear for the discovery sought in the subpoena that led to the designation in the first instance. Even without the benefit of the parties' later-filed briefs, Judge Filip recognized the inherent unfairness in allowing such a policy:

4

> If there is somebody here in Chicago who has appeared
> before, I realize that a 30(b)(6) type situation, a
> person in one setting isn't always and everywhere the
> appropriate person in another, but if he has spoken on
> behalf of the company to a creditors committee, that's
> a pretty big deal and it's - it would be at least less
> likely than more likely that somebody who had that
> facility with the company's financial picture couldn't
> speak to financial circumstances at a citation
> proceeding like this. So it probably would make the
> most sense for Mr. Greenblatt to do this. And I'm not
> prejudging any of your legal positions, but it would
> strike me as anomalous that on a case in which judgment
> was entered here in Chicago in a proceeding in a
> Chicago court where the appearances have been filed in
> Chicago, that you could designate somebody who is in
> England or Guam or, in you know, it could be Timbuktu,
> that seems anomalous, and probably the easiest way to
> do this is to have Mr. Greenblatt speak to the issues
> as opposed to having both sides incur the expenses of
> briefing whether or not somebody can be designated in a
> foreign country, because if you could, you literally
> could designate somebody in, you know, SRI Lanka,
> Madagascar. It seems implausible that that would be
> the rule.

Transcript of Proceedings of January 31, 2007, pp. 5-6. Indeed, Nola has offered no authority to suggest that that is the rule. It is true that a party cannot designate a corporate defendant's 30(b)(6) witness for the corporate defendant, and it is true that the court cannot compel the appearance for deposition of an employee simply because the jurisdiction exists over the corporation. But once the corporate defendant designates a particular witness as a 30(b)(6) witness, then that witness is compelled to appear, consistent with the Federal Rules of Civil Procedure.

Certainly, Rule 30 would allow Wachovia to take Mr. Nichols'

5

deposition by telephone (see Rule 30(b)(6) (this subdivision does not preclude taking a deposition by any other procedure authorized in these rules) and (7) (the parties may stipulate in writing or the court may upon motion order that a deposition be taken by telephone or other remote electronic means). But the rules do not require Wachovia to accept Nola's terms, and, under the circumstances, the Court is not inclined to force Wachovia to do so. Having said that, the Court will require Wachovia to pay one half of Mr. Nichols' travel and lodging expenses; the other half shall be borne by Nola. This would seem to be especially doable, given that Wachovia was prepared to foot the bill to pay for a trustee to be appointed in the bankruptcy proceedings before Judge Goldgar. *See* Transcript of Proceedings of August 25, 2005, p. 15-16.

## Conclusion

For the reasons set forth above, Wachovia's Motion for Rule to Show Cause is denied. However, Nola is hereby ordered to produce Mr. Nichols for his deposition in Chicago, consistent with this Opinion and Order.

Date: February 27, 2007

ENTER:

*/s/ Arlander Keys*
ARLANDER KEYS
United States Magistrate Judge