THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WACHOVIA SECURITIES, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 05 C 7213 |
| v. ) | |
| ) | Judge Mark Filip |
| ) | |
| ) | |
| NOLA, LLC, ) | Magistrate Judge |
| ) | Arlander Keys |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Wachovia Securities, LLC ("Wachovia"), was awarded a $1.38 million judgment against Defendant, NOLA, LLC ("NOLA"). In an attempt to exercise its rights as a judgment creditor, Defendant seeks to conduct a citation examination to discover NOLA's assets, pursuant to Federal Rule of Civil Procedure 30(b)(6). NOLA designated James Nichols, a citizen of the United Kingdom, as its corporate representative. Mr. Nichols, however, has not appeared and NOLA has failed to designate anyone in his place, delaying the progression of the examination for more than a year. In a quest for relief, Wachovia petitions the Court to award the following: (1) sanctions against NOLA for failure to comply with the Court's order requiring the production of its 30(b)(6) witness; (2) sanctions against Mr. Nichols for failure to appear for the court-ordered citation examination; (3) for the Court to require NOLA to appoint another representative; and (4)

require NOLA and Mr. Nichols, jointly and severally, to pay Wachovia's reasonable expenses, including attorney's fees, for failure to comply with discovery. The Court will consider whether sanctions should be issued against NOLA for failing to comply with the Court's order requiring the production of its 30(b)(6) witness in a separate Report and Recommendation to the District Judge and resolves the remaining issues below.

### Factual and Procedural History

On February 16, 2006, a $1,387,355.39 judgment was entered against NOLA and in Wachovia's favor by Judge Filip, the district judge to whom this case was assigned. In an attempt to discover NOLA's assets, Wachovia served NOLA with a Citation to Discover Assets. However, before proceeding with the citation, the parties engaged in settlement negotiations, which ultimately proved futile. Wachovia then proceeded under the citation, requesting that NOLA identify a corporate representative to provide discovery on the Citation. On January 3, 2007, in response to Wachovia's Rule 30(b)(6) request, NOLA designated James Nichols, a resident of the United Kingdom, as its corporate representative. NOLA argued, however, that the Court could not compel Mr. Nichols to appear in the United States for his deposition. In an order dated February 27, 2007, the Court rejected NOLA's argument and ordered it to produce Mr. Nichols for a deposition in Chicago and denied Plaintiff's Motion for

2

Rule to Show Cause and for Sanctions. On May 9, 2007, NOLA's counsel, Gregory James Jordan, informed the Court that NOLA had been unable to produce Mr. Nichols in the United States for a deposition. The Court then ordered that Mr. Nichols sit for a deposition by June 15, 2007; however, NOLA again failed to produce Mr. Nichols.

On June 27, 2007, Mr. Jordan appeared before the Court for a scheduled motion hearing on Plaintiff's Second Motion for Rule to Show Cause and for Sanctions. Mr. Jordan informed the Court that he was making his best efforts to get Mr. Nichols to sit for his deposition. The Court ordered Plaintiff's motion for sanctions to be held in abeyance and ordered that Mr. Nichols sit for his deposition by August 3, 2007. Then, at a scheduled status hearing before the Court, three days after Mr. Nichols was to sit for his deposition, Mr. Jordan admitted that he could not produce Mr. Nichols. The Court now considers the following: (1) whether the Court has jurisdiction to hold Mr. Nichols, a citizen of the United Kingdom, in contempt for failure to appear for a deposition as ordered by the Court; (2) whether NOLA must make available another 30(b)(6) witness to sit for a deposition; and (3) whether NOLA and Mr. Nichols, jointly and severally, should be required to pay Wachovia's reasonable expenses, including attorney's fees for failure to comply with discovery.

## Discussion

### 1. Plaintiff's Motion to Hold James Nichols in Contempt

Illinois law specifically provides that failure to comply with a citation to discover assets may constitute contempt of court. 735 Ill. Comp. Stat. § 5/2-1402. Additionally, Rule 37(d) of the Federal Rules of Civil Procedure gives Courts the authority to sanction a party failing to attend a citation examination. Inherent in that authority is the power of the Court to hold the non-compliant party in contempt of court. Contempt may either be civil or criminal in nature. Civil contempt is authorized by 28 U.S.C. § 1826(a). It gives "[a] district court broad discretion to fashion an appropriate coercive remedy in a case of civil contempt, based on the nature of the harm and the probable effect of alternative sanctions." *Anthony Marano Co. v. A. Stallone, Inc.*, No. 00-C-8019, 2002 WL 31875471, at *7 (N.D.Ill. Dec. 24, 2002) (quoting *Cannon v. Loyola University of Chicago*, 676 F.Supp. 823, 828 (N.D.Ill. 1987)). Under 28 U.S.C. § 1826(a), "[w]henever a witness in any proceeding before or ancillary to any court ... refuses without just cause shown to comply with an order of the court to testify ..., the court ... may summarily order his confinement at a suitable place until such time as the witness is willing to give such testimony ...." Additionally, the period of confinement shall not exceed the life of the court proceeding or eighteen

4

months. *Id.* Moreover, a court may also impose fines, as long as its purpose is to "modify[ ] the contemnor's behavior to conform to the terms required in the [court's] order." *Int'l Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 828 (1994) (quoting *Hicks on Behalf of Feiock v. Feiock*, 485 U.S. 624, 635 (1988)). Furthermore, sanctions may include attorney's fees. *In re Establishment Inspection of Microcosm*, 951 F.2d 121, 121 (7th Cir. 1991).

On the other hand, criminal contempt, authorized by 18 U.S.C. § 401, authorizes the court "to punish by fine or imprisonment, or both, at its discretion, ... [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." When criminal contempt is committed, FED.R.CRIM.P. 42(a)(1) requires notice prior to prosecution. This notice must "(a) state the time and place of the trial; (b) allow the defendant a reasonable time to prepare a defense; and (c) state the essential facts constituting the charged criminal contempt and describe it as such." FED.R.CRIM.P. 42. In addition, a conviction for criminal contempt requires a showing that the violation was willful. *In re Betts*, 927 F.2d 983, 986 (7th Cir. 1991). Moreover, "[a] standard of reasonable doubt is applied and a jury trial is permitted for some forms of criminal contempt." *Anthony Marano Co.*, 2002 WL 31875471, at *6.

In order to hold Mr. Nichols in contempt of the Court's

order to appear in Chicago, Illinois to sit for Wachovia's citation examination, the Court must have personal jurisdiction over the witness. Mr. Nichols is a foreign national residing in the United Kingdom. Although he is a member of the LLC, which the Court maintains jurisdiction over, he is not a party to this suit, nor was he subpoenaed by the plaintiff. *See Mountain Funding, LLC v. Blackwater Crossing, LLC*, No. 3:05CV513-MU, 2006 WL 1582403, at *2 (W.D.N.C. June 5, 2006) ("Personal jurisdiction over a limited liability company does not automatically extend to its members. Membership in a business entity is not sufficient in and of itself to confer personal jurisdiction."); *Graymore, LLC v. Gray*, No. 06-C-00638, 2007 WL 1059004, at *8 (D.Colo. April 6, 2007) (Holding that because LLCs expressly protect members from liability for company obligations, it follows that personal jurisdiction over a LLC does not automatically extend to its members."); *see also Anthony Marano Co.*, 2002 WL 31875471, at *6 ("[A]n ordinary witness who fails to appear for the taking of his or her deposition after being subpoenaed is guilty of contempt." (quoting 8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2107 at 59 (2d ed. 1994))). As a 30(b)(6) witness, Mr. Nichols' involvement in this case originated upon NOLA's designation of him as the corporate representative in

response to Wachovia's Citation to Discover Assets.[1] Therefore, the Court does not have the jurisdictional power to issue sanctions against Mr. Nichols for his failure to appear as the Court has directed.[2]

**2. Redesignation of a 30(b)(6) witness**

Wachovia also asks this court to order NOLA to designate another corporate representative to sit for its Rule 30(b)(6) examination. Federal Rule of Civil Procedure 30(b)(6) allows a party to "name as the deponent a public or private corporation ...." Upon doing so, "the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf." *Id.* That corporation has the duty to "make a conscientious good faith effort to designate the persons having knowledge of the matters sought by the [discovering party] and to prepare those persons in

---

[1] Plaintiff cites to *Johnson v. Owens-Corning Fiberglas Corp.*, 233 Ill.App.3d 425 (Ill.App.Ct. 1992) to support its argument that this Court maintains jurisdiction over Mr. Nichols. However, the *Johnson* court considered whether the trial court lacked the authority to sanction the defendant for failure to produce witnesses not individually subject to Illinois process. The Court found that "[a]s long as the order [was] directed at the corporate defendant, rather than the individual employees and directors, principles of due process are not violated, and a court may sanction a corporate defendant for its failure to produce its employees." *Johnson*, 233 Ill.App.3d at 434. Similarly, a 30(b)(6) request is directed at the company itself and not potential corporate representatives.

[2] Personal jurisdiction over Mr. Nichols was not previously determined by the Court, as suggested by the Plaintiff. In an opinion dated February 27, 2007, the Court reasoned that because NOLA chose to designate a foreign national as its 30(b)(6) representative, it could not then turn around and argue that the witness could not be compelled to appear in the United States. However, in order to hold a person in contempt for not complying with a court order, the Court must have personal jurisdiction over the individual.

7

order that they can answer fully, completely, unevasively, the questions posed by [the discovering party] as to the relevant subject matters." *Buycks-Roberson v. Citibank Federal Savings Bank,* 162 F.R.D. 338, 342 (N.D.Ill. June 29, 1995). This means that a corporation must prepare the corporate representative "to adequately testify not only on matters known by the deponent, but also on subjects that the entity should reasonably know." *Beloit Liquidating Trust v. Century Indem. Co.,* No. 02-C-50037, 2003 WL 355743, at *2 (N.D.Ill. Feb. 13, 2003). Courts have required parties to redesignate a corporate representative to testify where a witness initially chosen was unable or unprepared to testify. *See, e.g., Id.* at *2 (If the deponent is unable to answer questions about certain relevant areas of inquiry, then the corporation must designate another individual to satisfy a Rule 30(b)(6) notice.); *Smithkline Beechman Corp. et al v. Apotex Corp. et al,* No. 98-C-3952, 2000 WL 116082, at *8 (N.D.Ill. Jan. 24, 2000) ("If a deponent is unable to testify about certain relevant areas of inquiry the business entity must designate additional parties to satisfy a Rule 30(b)(6) notice."); *Federal Deposit Ins. Corp. v. Butcher,* 116 F.R.D. 196, 202, (E.D.Tenn. 1986), *aff'd,* 116 F.R.D. 203 (E.D.Tenn. 1987) (Witnesses presented by FDIC to speak for it at oral depositions in suit against bank officers and directors were unprepared; therefore, Court ordered corporation to redesignate witnesses to answer

questions).

In the pending case, NOLA designated James Nichols to testify on the corporation's behalf. However, for over a year, NOLA has been unwilling or unable to produce Mr. Nichols for his deposition. Although these facts differ from the majority of cases, where the chosen representative is able to answer at least some of the relevant questions, the situation here is clearly more severe. Mr. Nichols has not appeared for his deposition at all. Moreover, NOLA appears to concede that it must produce another witness, because it did not attempt to put forth an argument denying its obligation to redesignate a corporate representative. Accordingly, this Court finds that another 30(b)(6) witness must be designated. However, this task will not be left in NOLA's hands, because NOLA's conduct has shown that it is unwilling to do so in good faith.

A corporation cannot simply designate any representative who possesses the relevant information the deposing party seeks and wash its hands of any future responsibility. In other words, Rule 30(b)(6) does not allow a corporation to designate a corporate representative, then throw up its hands when the designee refuses to participate, then claim it has done its part. On the contrary, implicit in designating a Rule 30(b)(6) representative who is not an employee or managing agent, is that the witness will be able *and* willing to answer questions relating

9

to the information sought. Federal Rule of Civil Procedure 30(b)(6) provides:

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation for a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who **consent** to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify....

(Emphasis added). Moreover, the Advisory Committees Notes to the 1970 Amendment pertaining to Rule 30(b)(6), explains that an organization in response to a citation to discover assets shall "name one or more of its officers, directors, or managing agents or other persons **consenting** to appear and testify on its behalf with respect to matters known or reasonably available to the organization. The organization may designate persons other than officers, directors, and managing agents, but **only with their consent**." (Emphasis added). At the same time, a corporation's lack of control over potential designees does not eliminate the corporation's duty to appoint a Rule 30(b)(6) witness altogether. *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1146 (10th Cir. 2007) (Noting that the duty to appoint a corporate representative is "not negated by a corporation's alleged lack of control over potential Rule 30(b)(6) deponents.") It is well settled that corporations must also make a

10

"conscientious good faith effort" when making its designation. *Sec. and Exch. Comm'n v. Buntrock*, 217 F.R.D. 441, 444 (N.D.Ill. 2003) (quoting *Buycks-Roberson v. Citibank Federal Sav. Bank*, 162 F.R.D. 338, 342 (N.D.Ill. 1995)); see also *Brazos River Authority v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006) (quoting *Bank of New York v. Meridien BIAO Tanzania Ltd.*, 171 F.R.D. 135, 151 (S.D.N.Y. 1997)). In sum, the rule requires a company to do the following: (1) to appoint someone it has control over, such as an employee, or a consenting individual, whom the company has prepared to answer questions relating to the information sought by the deposing party; (2) where one person is not capable of answering all related questions, a corporation must appoint as many individuals as necessary to complete the relevant inquiry; and (3) Regardless of how many representatives are appointed, the company must apply good faith principles in its efforts to make a designation. NOLA, has failed to fulfill the rule's requirements on all counts.

NOLA responded to Plaintiff's Rule 30(b)(6) request by appointing a foreign national, residing in the United Kingdom. Judge Filip ordered NOLA to produce its designee for a deposition by May 16, 2006. Defendant failed to produce Mr. Nichols by that date. On May 9, 2007, almost one year later, the parties appeared before this Court and counsel for Defendant, Mr. Jordan, informed the Court that it was still trying to get Mr. Nichols to

sit for his deposition. The Court ordered that Mr. Nichols sit for a deposition by June 15, 2007. On June 27, 2007, Mr. Jordan, once again, informed the Court that NOLA was still trying to get Mr. Nichols to sit for a deposition. Then finally, on August 6, 2007, three days after the Court's final deadline and over sixteen months after the filing of Plaintiff's Citation to Discover Assets, Defendant revealed that it would not be producing Mr. Nichols, because he apparently refused to serve as a corporate representative. (See Def.'s Response, 4.)

For months, NOLA has strung the plaintiff and this Court along, when, by its own admission, it chose to designate Mr. Nichols, a member of the LLC, knowing that by designating "a member of [the] LLC, rather than an employee or officer, NOLA's ability to compel Mr. Nichols' actions is limited." (Def.'s Response, 4.) NOLA gave this Court false assurances that it would produce Mr. Nichols, while all along Mr. Nichols not only did not consent to the deposition, but refused to participate, which ultimately delayed this examination for more than a year. Furthermore, in its response to Plaintiff's motion for sanctions against NOLA for failing to produce its corporate representative, NOLA argued that the Court's hands were tied and that it could not hold Mr. Nichols (who, to the Court's knowledge, is not represented by the same counsel) in contempt, because the Court lacked the necessary jurisdiction over Mr. Nichols. (Def.'s

Response, 2-4.) It is quite telling that NOLA would even put forth an argument to defend Mr. Nichols, who according to NOLA, has blatantly defied multiple orders by the Court and who, for over a year, has refused to comply with NOLA's own request to serve as corporate representative. But NOLA does not stop there. NOLA then argues that it too should not be sanctioned because it complied with Rule 30(b)(6) by designating a representative and it has been present at all scheduled court appearances. NOLA asks this Court to ignore the fact that the representative it chose, not only refused to participate, but that he also never actually consented to represent the corporation in the Rule 30(b)(6) proceedings. (See Def.'s Response, 4). NOLA has misled Plaintiff and this Court, wasting judicial resources and causing Plaintiff to incur additional costs and attorney's fees, when there was an obvious available alternative.[3]

---

[3]The Court notes that at a hearing on January 31, 2007, Judge Filip brought to NOLA's attention potential difficulties surrounding the appointment of a foreign national as its 30(b)(6) witness, and noted NOLA's other, and what seemed to be, the more favorable option:
> If there is somebody here in Chicago who has appeared before, I realize that a 30(b)(6) type situation, a person in one setting isn't always and everywhere the appropriate person in another, but if he has spoken on behalf of the company to a creditors committee, that's a pretty big deal and it's – it would be at least less likely than more likely that somebody who had that facility with the company's financial picture couldn't speak to financial circumstances at a citation proceeding like this. So it probably would make the most sense for Mr. [Leon] Greenblatt to do this. And I'm not prejudging any of your legal positions, but it would strike me as anomalous that on a case in which judgment was entered here in Chicago in a proceeding in a Chicago court where the appearances have been filed in Chicago, that you could designate somebody who is in England or Guam or, in you know, it could be Timbuktu, that seems anomalous, and probably the easiest way to do this is to have Mr. Greenblatt speak to the issues as opposed to having

13

Plaintiff alleges, and it is uncontroverted by Defendant, that NOLA's manager is a shell company called Teletech Systems, Inc., in which Leon Greenblatt serves as the sole officer, director and employee. It is also not disputed that NOLA's articles of organization vests its manager, who essentially is Mr. Greenblatt, with the sole and exclusive authority to run the company and make investment decisions on its behalf. Furthermore, NOLA chose Mr. Greenblatt to serve as its corporate representative at the creditors committee meeting in the underlying bankruptcy proceeding. (See Transcript of Proceedings before Judge Filip, January 31, 2007, 4.) Therefore, all indications lead to the conclusion that Mr. Greenblatt is in the best position to speak on NOLA's finances and conveniently, he is located right here in Chicago, Illinois.

While, it is normally the corporation's prerogative to decide who will serve as its corporate representative, Rule 30(b)(6), does not give a party the liberty to abuse that power by deliberately appointing someone it knows will never appear. Hence, it is clear to the Court that NOLA's designation of Mr. Nichols was done in bad faith. Therefore, in order to ensure that the past series of events are not repeated, the Court orders

---

both sides incur the expenses of briefing whether or not somebody can be designated in a foreign country, because if you could, you literally could designate somebody in, you know, SRI Lanka, Madagascar. It seems implausible that that would be the rule.
(Transcript of Proceedings, January 31, 2007, 5-6.)

NOLA to produce Leon Greenblatt for Wachovia's citation examination. NOLA shall prepare Mr. Greenblatt to answer questions relating to Plaintiff's inquiry. Furthermore, if Mr. Greenblatt is unable to testify to certain relevant inquiries, then NOLA must designate additional individuals to satisfy Plaintiff's Rule 30(b)(6) request.

**3. Plaintiff's attorney fees and costs**

In light of the fact that NOLA's wilful actions have resulted in a delay of the citation examination for more than one year, the Court awards Wachovia attorney's fees and costs. NOLA will pay attorney's fees and costs incurred by Plaintiff in relation to these proceedings.

### Conclusion

A review of the record reveals that Defendant has had ample opportunity to comply with Plaintiff's Rule 30(b)(6) request, but has failed to do so. Therefore, NOLA is ordered to produce Leon Greenblatt for a deposition within 21 days of the date of this opinion. Plaintiff is also awarded its attorney's fees and costs incurred as a result of having to brief the issues involved herein and for its appearances before this Court.

Date: February 14, 2008     E N T E R E D:

MAGISTRATE JUDGE ARLANDER KEYS
UNITED STATES DISTRICT COURT

15